*Gary Simmons v. John Calvin Dove, Jr., et al.*, No. 61, September Term, 2025.

**ELECTION LAW – RESIDENCY CHALLENGE**

The Court held that a petition challenging a candidate's qualifications to be on a primary election ballot under § 5-305 of the Election Law Article was not premature when the petition contains allegations that the candidate was not a resident of, and did not maintain a place of abode in, the legislative district in which the candidate sought to run for election at the time he filed his certificate of candidacy.

Circuit Court for Anne Arundel County
Case No. C-02-CV-26-000603
Argued: March 30, 2026

IN THE SUPREME COURT

OF MARYLAND

No. 61

September Term, 2025

_____

GARY SIMMONS

v.

JOHN CALVIN DOVE, JR., ET AL.

_____

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.

_____

PER CURIAM OPINION

_____

Filed: March 30, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Before the Court is the challenge by Appellant, Gary Simmons, to the judgment of the Circuit Court for Anne Arundel County entered on March 17, 2026, dismissing with prejudice Mr. Simmons's challenge to the certificate of candidacy, residency, and qualifications of Appellee, John Calvin Dove, Jr., to be a candidate in the primary election in June 2026. As set forth below, that judgment is reversed, and this case is remanded to the circuit court to hold an evidentiary hearing and render a decision on the merits of Mr. Simmons's challenge under §§ 5-305 and 12-202 of the Election Law Article of the Maryland Code.

On March 11, 2026, Mr. Simmons filed a document captioned "Petition to Challenge Certificate of Candidacy, Residency & Qualifications of John Calvin Dove, Jr., Candidate for the Nomination of the Democratic Party for State Delegate from Legislative District 12B for the 2026 Gubernatorial Election." (all caps omitted). In the Petition, Mr. Simmons alleged that "Mr. Dove resides in, is domiciled in, and maintains a primary place of abode in the 31st Legislative District," but that he filed a certificate of candidacy on which he "represented that he was a resident of Legislative District 12B." Mr. Simmons also alleged that Mr. Dove inaccurately represented that he resided at an address in Legislative District 12B when completing a change of voter registration form a week before filing his certificate of candidacy.

In the Petition, Mr. Simmons requested that the circuit court disqualify Mr. Dove from appearing on the Democratic primary ballot in Legislative District 12B on two grounds. First, Mr. Simmons alleged that because Mr. Dove was not a resident of Legislative District 12B at the time he filed his certificate of candidacy, he was ineligible

to serve as a candidate for the House of Delegates from that district. Mr. Simmons alleged that was so for two reasons: (1) under Election Law § 5-202, a candidate for the House of Delegates must be legally registered to vote in the district the candidate seeks to represent, and Mr. Dove could not have been legally registered to vote in that district because he did not reside in that district; and (2) under the Election Law Article, a candidate for office must meet all requirements for eligibility for the office by the time of filing a certificate of candidacy, which Mr. Dove did not do.

Second, Mr. Simmons alleged that Mr. Dove had made false and misleading statements in both his voter registration application and his certificate of candidacy that he lived in Legislative District 12B at times he did not. Mr. Simmons alleged that based on those allegedly false statements, Mr. Dove's certificate of candidacy was invalid, and he should be excluded from the Democratic Party primary ballot.

Mr. Simmons timely filed his challenge under §§ 5-305 and 12-202 of the Election Law Article. Mr. Simmons sought relief in the form of findings that Mr. Dove was not qualified to be a candidate for the House of Delegates from Legislative District 12B. Mr. Simmons also sought a determination that Mr. Dove's certificate of candidacy was invalid due to his failure to disclose his actual place of residence on the certificate.

The circuit court promptly scheduled a hearing on Mr. Simmons's petition. The day before the hearing, Mr. Dove filed a motion to dismiss on the ground that Mr. Simmons's petition was premature. Mr. Dove argued that Article III, § 9 of the Constitution of Maryland requires a candidate for the office of delegate to reside in and have a place of abode in the district for only six months before the general election. Because that six-

month deadline would not arrive until May 3, Mr. Dove argued that Mr. Simmons's petition was premature.

The circuit court agreed with Mr. Dove, determining that because the constitutional deadline was in the future, "the court cannot make a finding on whether [Mr. Dove] will in the future meet the constitutional requirements for candidacy as a delegate." Accordingly, the circuit court granted Mr. Dove's motion and dismissed Mr. Simmons's petition with prejudice.[1] The court declined to receive any evidence from Mr. Simmons concerning Mr. Dove's residency or place of abode.

Mr. Simmons noted an appeal to this Court on March 17, 2026. We issued an expedited briefing schedule and heard argument on March 30, 2026.

We hold that the circuit court erred in concluding that Mr. Simmons's petition was premature. Accordingly, we will reverse the judgment of the circuit court and remand for a decision on the merits of Mr. Simmons's challenge under §§ 5-305 and 12-202 of the Election Law Article. A majority of the Court concludes that Mr. Simmons's challenge is ripe with respect to his claim that Mr. Dove failed to satisfy requirements in the Election Law Article to be lawfully registered to vote in, and to reside or have a place of abode in, Legislative District 12B at the time he filed his certificate of candidacy. A minority of the Court concludes that Mr. Simmons's challenge is ripe with respect to his claim that

---

[1] Before this Court, Mr. Dove acknowledges that because the circuit court's judgment was based on ripeness, the circuit court should have entered the dismissal without prejudice.

3

Mr. Dove's certificate of candidacy is invalid because he misrepresented his residential address on the certificate. On remand, the court should address the merits of both claims.

To allow time for any further appeal to be resolved without disrupting deadlines related to the upcoming primary election, the circuit court shall hold an evidentiary hearing and issue its decision on the merits no later than noon on April 6, 2026. Any appeal from the circuit court's decision on the merits must be filed no later than 4:00 pm on April 6, 2026.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. THE CIRCUIT COURT SHALL HOLD AN EVIDENTIARY HEARING AND ISSUE A DECISION ON THE MERITS NO LATER THAN NOON ON APRIL 6, 2026. ANY APPEAL FROM THE CIRCUIT COURT'S DECISION ON THE MERITS MUST BE FILED NO LATER THAN 4:00 PM ON APRIL 6, 2026. COSTS TO BE PAID BY APPELLEE DOVE. THE MANDATE SHALL ISSUE FORTHWITH.**